# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROSE DUNCAN, | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-1229-JCM-GWF |
| vs. | ) | **ORDER** |
| UNITED STATES POSTAL SERVICE POSTMASTER GENERAL PATRICK DONAHOE | ) ) ) | Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1) |
| Defendant | ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on July 28, 2014.

## BACKGROUND

Plaintiff alleges that she suffered violations of Title VII of the Civil Rights Act of 1964, harassment, reprisal, a hostile work environment, retaliation, and a failure to accommodate by the Defendant. Plaintiff alleges she was treated differently than other employees who are similarly situated. The Plaintiff asks to be allowed to conduct jurisdictional discovery, and requests an award of "back pay, liquidated damages, front pay, injunctive relief, attorneys fees, termination rescinded, additional award to off set increased taxes, all that the law allows including Court cost."

## DISCUSSION

**I.   Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Duncan's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). In determining if a complaint is frivolous, the Court need not accept the allegations as true, but "pierce the veil of the complaint's factual allegations" to determine the truth. *Neitzke*, 490 U.S. at 327. Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is absolutely certain from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

When screening a pro se complaint, the Court should liberally construe the pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A liberal construction may only be applied to factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). This is the limit of the liberal construction; it "may not supply essential elements of that claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

## III. Instant Complaint

The instant complaint alleges that the Plaintiff was the victim of adverse treatment by her employer, the United States Postal Service. The Complaint consists mostly of an 8 page letter

detailing her appeal of Administrative Judge Leslie Troope's judgment in her Equal Employment Opportunity Commission case #480-2010-00490X.  The other pages of the Complaint contain case law that Plaintiff alleges relates to her case and requests for damages and jurisdictional discovery.

The Plaintiff appears to ask the Court to overturn the judgment of the EEOC's Administrative Judge, but does not provide the Court with a copy of the judgment or copies of the arguments made before the Judge.  The Plaintiff cites to crucial evidence used in that decision, but does not include that evidence for the Court to review.  The Plaintiff's 8 page letter to the EEOC consisting of the grounds for her appeal is dated August 28, 2012.  No additional information is given as to the status of her case currently or to the result of this appeal.  It is unclear what ruling was made that prompted the appeal.  The Plaintiff claims she is entitled to jurisdictional discovery, but does not say why she is legally entitled to it, what she is looking for, or what materials are needed.  The allegations Plaintiff makes, including harassment, hostile work environment, violations of Title VII of the Civil Rights Act, and retaliation by her employer are all actionable claims, but no facts are provided to support them.  As such, this Court cannot come to a definite conclusion as to whether Plaintiff's case lacks merit. The Complaint in this case will be dismissed so that the Plaintiff can have an opportunity to amend and include sufficient information to allow the case to proceed.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars (#350.00).

  **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1)

  **IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) is **dismissed without prejudice**.  Plaintiff shall have 30 days from the filing of this order to file an amended complaint.

  DATED this 17th day of November, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge