# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROSE DUNCAN, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01229-JCM-GWF |
| vs. | ) **ORDER** |
| UNITED STATES POSTAL SERVICE, POSTMASTER GENERAL PATRICK DONAHOE | ) |
| Defendants | ) |

This matter is before the Court on the screening of the Plaintiff's Amended Complaint (#6), filed on December 17, 2014. Plaintiff's request to proceed *in forma pauperis* was previously granted on November 17, 2014. (#4).

## BACKGROUND

Plaintiff alleges that she suffered violations of Title VII of the Civil Rights Act of 1964, harassment, reprisal, a hostile work environment, retaliation, and a failure to accommodate by the Defendant. Plaintiff also appeals the determination of Administrative Law Judge Leslie Troppe and the Equal Employment Opportunity Commission of the definition of "comparator employee." Plaintiff alleges she was treated differently than other employees who are similarly situated. The Plaintiff asks to be allowed to conduct jurisdictional discovery, and requests an award of "back pay, liquidated damages, front pay, injunctive relief, attorneys fees, termination rescinded, additional award to off set increased taxes, all that the law allows including Court cost."

## DISCUSSION

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). In determining if a complaint is frivolous, the Court need not accept the allegations as true, but "pierce the veil of the complaint's factual allegations" to determine the truth. *Neitzke*, 490 U.S. at 327. Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is absolutely certain from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

When screening a pro se complaint, the Court should liberally construe the pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A liberal construction may only be applied to factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). This is the limit of the liberal construction; it "may not supply essential elements of that claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

## II.     Instant Complaint

Plaintiff's first Complaint (#1-1) was dismissed by this Court with leave to amend on November 17, 2014. (#4). The Complaint was an appeal of a decision made by an Administrative Law Judge, but did not include the decision of that Judge with the Complaint. The Court allowed the Plaintiff to file an amended complaint in order to include sufficient information for the Court to properly screen the Complaint. The Amended Complaint (#6) includes sufficient information.

Plaintiff alleges that the Postal Service committed violations of Title VII of the Civil Rights Act of 1964, harassment, reprisal, a hostile work environment, retaliation, and a failure to accommodate. Plaintiff also appeals the decision of ALJ Troppe, which the Plaintiff alleges created a new and incorrect standard for comparator employee. The Complaint contains a statement of the Plaintiff's position, case law that Plaintiff alleges relates to her case and requests for damages and jurisdictional discovery.

The Complaint, with attachments, is 250 pages long and poorly organized. It is difficult to determine where the allegations in the Complaint are listed, and difficult to find the support Plaintiff offers for those allegations. Plaintiff does not adequately plead the claims listed in what appears to be the actual complaint. No supporting facts are included in the Complaint to support the allegations the Plaintiff makes. However, because the Court holds the allegations in a *pro se* complaint to a less stringent standard, the Court will consider the prior pleadings used as Exhibits 2

and 4 to the Plaintiff's Complaint.  Exhibit 2 is the Plaintiff's response to the United States Postal Service's Motion for a Decision Without a Hearing.  Exhibit 4 is the Plaintiff's Appeal to the EEOC.  The Court will consider the claims presented in these documents to determine if the Plaintiff's pleading provides the necessary information to proceed.

### A.    Title VII Discrimination

Plaintiff first claims race, gender, and age discrimination.  A claim of discrimination requires that the plaintiff make a prima facie showing of discrimination before shifting the burden to the defendant to articulate a legitimate reason for the employer's behavior, which would finally shift the burden back to the plaintiff to show that the given reason is a pretext offered by the employer to conceal the discriminatory purpose.  *See Norton v. PHC-Elko, Inc.*, 2014 WL 4635935 at *3 (D. Nev. 2014) *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  A prima facie case of race or gender discrimination requires a showing that the plaintiff was (1) a member of a protected class, (2) performing according to the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) similarly situated employees outside her protected class were treated more favorably.  *See Pulliam v. United Airlines, Inc.*, 2012 WL 3025087 at *3 (D. Nev. 2012), *aff'd* 585 F. App'x 408 (9th Cir. 2014); *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff is a Caucasian woman.  Both Caucasians and women are protected groups under Title VII of the Civil Rights Act of 1964.  42 U.S.C. §2000e-2; *see also McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273 (1976).  Plaintiff claims that she was not performing below the expectations of the job by offering explanations and refuting the alleged attendance issues listed in the USPS's Motion for Decision Without a Hearing.  Plaintiff was fired, which constitutes an adverse employment action.  Plaintiff alleges that other similar employees that were male and non-Caucasian were treated more favorably than she was.  Specifically, the Plaintiff alleges that these employees received preferential treatment in regard to absences, long lunches, or tardiness.  Plaintiff then describes seven different employees that were treated more favorably than she was: Vanessa Hoffman, an Hispanic female; Corina Romero, an Hispanic female; Brian Lurty, a Caucasian male; Ozzie Mims, an African American male; Rose Harms, an Hispanic female, Ted

Wieseke, a Caucasian male; and Korry Allard, a Native American male. Plaintiff's Amended Complaint sufficiently pleads the elements necessary to state a claim for racial and gender discrimination.

Plaintiff also alleges that she was discriminated against due to her age, pursuant to the Age Discrimination in Employment Act (ADEA). To establish a prima facie case of age discrimination, the Plaintiff must show that (1) she is at least 40 years of age, (2) she was performing her job satisfactorily, (3) she was fired, and (4) she was replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances that give rise to an inference of age discrimination. *U.S. E.E.O.C. v. Republic Services, Inc.*, 640 F.Supp.2d 1267 (D. Nev. 2009) *citing Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008). Plaintiff lists as comparator employees four co-workers who are younger than the Plaintiff and who were allegedly not disciplined for worse attendance issues. Plaintiff has properly pled a claim of age discrimination.

**B.    Harassment**

Plaintiff's claims of harassment and hostile work environment may go together, but it is unclear on what grounds Plaintiff makes these allegations. Harassment and hostile work environment may be based on protected status under 42 U.S.C. 2000e-2, so Plaintiff likely makes these allegations based on race and gender harassment. Sexual harassment claims are divided into two categories: quid pro quo harassment, and hostile work environment claims. *Vandermeer v. Douglas County*, 15 F.Supp.2d 970, 979 (D. Nev. 1998). Racial harassment is pled as a hostile work environment claim.

To properly plead a hostile work environment claim, the Plaintiff must show that the harassment suffered was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). Race and sexual harassment claims for hostile work environment are evaluated under the same standard. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 n.10 (2002) *citing Meritor*, 477 U.S. at 66-67. Assuming that Plaintiff's complaint intends the repeated questioning of her attendance record to constitute harassment, the Complaint is still inadequate. Plaintiff does

5

not discuss feeling any hostility in the office, nor claim that the environment became abusive. Plaintiff does not tie any feelings of hostility or an abusive work environment to her gender or her race. This claim is not properly pled.

To properly plead a quid pro quo sexual harassment claim, the Plaintiff must show that "an individual explicitly or implicitly condition[ed] a job, a job benefit, or the absence of a job detriment, upon an employee's acceptance of sexual conduct." *Heyne v. Caruso*, 69 F.3d 1475, 1478 (9th Cir. 1995) *quoting Nichols v. Frank*, 42 F.3d 503, 511 (9th Cir. 1994). No such allegations are made in the Complaint. This claim has also not been properly pled, but the Court cannot conclude that the Plaintiff could never properly plead her harassment claim. Therefore, the Plaintiff's harassment claim will be dismissed with leave to amend.

### C. Retaliation

Plaintiff includes in her Complaint claims for both reprisal and retaliation, which are the same. In order to properly plead a retaliation claim, the Plaintiff must show she (1) engaged in an activity protected under Title VII; (2) her employer subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *See Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004). The final element of causation is determined by the traditional principles of "but-for" causation. *See University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517 (2013). Plaintiff alleges that she was fired for making EEO complaints. Plaintiff pleads no facts to show that there is a connection between her firing and her protected activity. However, her final EEO complaint was made five months prior to her notice of termination, which is sufficiently close in time to establish causation solely based on timing. *See Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 870 n.14 (9th Cir. 1996), *citing Flait v. North American Watch Corporation*, 3 Cal.App.4th 467, 478 (Cal. Ct. App. 2nd 1992). Therefore, the Plaintiff has sufficiently pled the claim for retaliation.

### D. Failure to Accommodate

Plaintiff alleges that the Postal Service did not properly accommodate her disability. The Rehabilitation Act of 1973 provides the exclusive remedy for federal employees alleging discrimination based on disability. *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989),

*overruled on other grounds, Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).  In order to properly plead a claim under the Rehabilitation Act, the Plaintiff must show that she has a disability, she is otherwise qualified to receive the benefit, she was denied the benefits of the program solely because of her disability, and that the program receives federal assistance.  *Garity v. Donahoe*, 2013 WL 321577 at *2 (D. Nev. 2013).  Plaintiff alleges that her absences - the given reason for the Plaintiff's termination - should have been partially covered under the Family and Medical Leave Act.  Plaintiff claims that she has an approved FMLA condition that should have resulted in some of her absences being excused, and argues that the remaining absences were insufficient to rise to the level of termination.  This is sufficient to plead a claim under the Rehabilitation Act.

      **E.**      **Direct Appeal of ALJ's Ruling**

      Finally, Plaintiff challenges ALJ Troppe's ruling on comparator employees.  28 U.S.C. § 2000e allows for the appeal of a final action by the Equal Employment Opportunity Commission within 90 days of receipt of notice of that action.  Here, Plaintiff appeals the ALJ's initial determination, which was upheld by the EEOC.  The ALJ determined that the proposed comparator employees were not comparable to the Plaintiff because "none of the identified employees from Complaintant's facility is similarly situated to Complainant herein, and thus no inference of discrimination may be drawn from a difference in treatment." (#6-3, pg. 13).  Plaintiff's Amended Complaint is subject to *de novo* review by the District Court.  *See generally Williams v. Herman*, 129 F.Supp.2d 1261 (E.D. Cal. 2001); *Adams v. U.S. E.E.O.C.*, 932 F.Supp. 660 (E.D. Pa. 1996); *Ellis v. Naval Air Rework Facility, Alameda, Cal.*, 404 F.Supp 377 (N.D. Cal. 1975).  At this stage, however, the undersigned must simply screen the Complaint to see if it states a claim upon which relief can be granted.  Plaintiff is entitled to an appeal of the ALJ's decision.  Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (#6) may proceed on the claims for race discrimination, gender discrimination, retaliation, and appeal of the prior ruling by Administrative Law Judge Leslie Troppe.

      **IT IS FURTHER ORDERED** that Plaintiff's claim for Harassment be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **May 8, 2015** to file an amended complaint

1   correcting the noted deficiencies.

2       If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed
3   that the court cannot refer to a prior pleading in order to make her amended complaint complete.
4   Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any
5   prior pleading.  This is because, as a general rule, an amended complaint supersedes the original
6   complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended
7   complaint, the original pleading no longer serves any function in the case.  Therefore, in an
8   amended complaint, as in an original complaint, each claim and the involvement of each defendant
9   must be sufficiently alleged.

10   **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to
11   Defendant named in the complaint and deliver the summons to the U.S. Marshal for service.  The
12   Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty
13   (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd.
14   South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed
15   USM-285 forms from the U.S. Marshal, she has twenty (20) days to file a notice with the court
16   identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service
17   again on any unserved defendant, then a motion must be filed with the court identifying the
18   unserved defendant, specifying a more detailed name and address and indicating whether some
19   other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil
20   Procedure, service must be accomplished within one hundred twenty (120) days from the date that
21   the complaint was filed.

22   **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or
23   their attorney if they have retained one, a copy of every pleading, motion, or other document
24   submitted for consideration by the court.  Plaintiff shall include with the original paper submitted
25   for filing a certificate stating the date that a true and correct copy of the document was mailed to
26   Defendants or their counsel.

27   . . .
28   . . .

The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**DATED** this 8th day of April, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge