UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSE DUNCAN,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>                    Defendant(s). | Case No. 2:14-CV-1229 JCM (GWF)<br><br>ORDER |

Presently before the court is the matter of *Duncan v. Donahoe*, case number 2:14-cv-01229-JCM-GWF.

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff filed her amended complaint (doc. # 6) on December 17, 2014; consequently, the proof of service deadline was April 16, 2015. Because plaintiff has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (doc. #4), the court ordered the U.S. Marshals Service to serve the defendant. (Doc. #7). It appears that the marshals' office received the summons returned unexecuted on April 28, 2015, and filed the document on August 26, 2015. (Doc. #9). The document stated that defendant could not accept the process at the address provided by the plaintiff on her USM-285 forms. (*Id.*). Defendant also provided the appropriate address at which its agents could receive service of process. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

The burden is on the plaintiff to ensure that the summons and complaint are served within the time allowed by rule 4(m). Fed. R. Civ. P. 4(c)(1). The court recognizes that there may be some confusion regarding the appropriate address at which to serve an authorized agent of the postmaster general. Typically, if the plaintiff provided the wrong address, she would need to correct that error within the time provided by rule 4(m). However, the marshal's office provided no indication to the plaintiff that the address was incorrect for nearly four months from the time the office received the summons returned unexecuted. Because the plaintiff was not notified, she could not correct the error. Furthermore, the marshals' office did not file the summons returned unexecuted with the clerk's office in a timely manner. Consequently, the clerk of the court did not provide notice to the plaintiff that the action would be dismissed if the plaintiff did not file proof of service of process, a condition precedent to dismissal required by 4(m). The plaintiff has therefore shown good cause for the failure of service and the court will extend the time for service of process on the defendants.

Good cause showing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff shall have an additional thirty (30) days from the date that this order is issued to provide proof of proper service of process on the defendant.

IT IS FURTHER ORDERED that this order shall serve as notice to the plaintiff of the court's intent to dismiss pursuant to rule 4(m) if proof of service is not filed. This action will be dismissed without prejudice unless proof of service on the defendant is filed within 30 days from the issuance of this order or good cause is shown why such service was not made in that period.

DATED August 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**