UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSE DUNCAN, | Case No. 2:14-CV-1229 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendant(s). | |

Presently before the court is defendant Megan Brennan's, United State Postal Service Postmaster General, motion to dismiss the complaint. (ECF No. 24). Plaintiff Rose Duncan filed a response in opposition (ECF No. 27), and defendant filed a reply. (ECF No. 28).

### I.  Procedural Background

On July 28, 2014, plaintiff filed an application to proceed *in forma pauperis* and her proposed complaint. (ECF No. 1). The court granted plaintiff's request to proceed *in forma pauperis*, but dismissed the complaint with the opportunity to amend and provide additional information. (ECF No. 4). Thereafter, plaintiff filed her amended complaint. (ECF No. 6.) On April 9, 2015, the court screened the amended complaint, identifying the following sufficiently pled claims: (1) racial and gender discrimination under Title VII of the Civil Rights Act of 1964; (2) age discrimination under the Age Discrimination in Employment Act ("ADEA"); (3) retaliation under Title VII; (4) failure to accommodate under the Rehabilitation Act; and (5) direct appeal of an administrative law judge's ruling. (ECF No. 7.)

The court informed plaintiff that she failed to sufficiently plead her harassment claim and dismissed with leave to amend by May 8, 2015. (*Id.*). In addition, the court directed the issuance of a summons and service, and ordered the clerk of the court to send the required USM-285 forms

**James C. Mahan**
**U.S. District Judge**

to plaintiff. (*Id.*) The court specifically ordered that, "[p]ursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed." (*Id.*).

Plaintiff elected not to file an amended complaint and was required to serve defendant by April 16, 2015. The marshals' office received the summons returned unexecuted on April 28, 2015, which indicated the appropriate address at which its agents could receive service of process; however that information was not filed until August 26, 2015. (ECF No. 10). Consequently, the court found good cause for plaintiff's failure of service in the time allowed by Fed. R. Civ. P. 4(m) and gave the plaintiff an additional thirty days to provide proof of proper service. (*Id.*). The court specifically advised plaintiff "of the court's intent to dismiss pursuant to rule 4(m) if proof of service is not filed. . . . within 30 days from the issuance of this order or good cause is shown why such service was not made in that period." (*Id.*)

Plaintiff served the USPS general counsel but failed to comply with the court's instructions on service and failed to serve defendant in accordance with Fed. R. Civ. P. 4(i). On January 29, 2016, defendant filed a notice of claim for sixty days to answer plaintiff's amended complaint, noting the United States attorney's office for the District of Nevada was never properly served with the summons and complaint. (ECF No. 19). In response, plaintiff filed a motion arguing that the defendants were served. (ECF No. 20). Magistrate Judge Foley issued another order determining that plaintiff had not properly served the amended complaint on defendant as required by Fed. R. Civ. P. 4(i)(1)-(2). (ECF No. 21). On April 25, 2016, plaintiff filed proof of service dated April 23, 2016, 493 days after filing the amended complaint.

**II.     Legal Standard**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford*

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 *v. United States*, 359 F.Supp.2d 981, 984 (E.D.Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F .2d 476, 488 (3d Cir. 1993)). Assuming insufficiency of process or insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service. *See e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

### III.     Discussion

Defendant argues that this court does not have personal jurisdiction over the defendant because plaintiff failed to properly serve defendant. (ECF No. 24). Plaintiff argues that the action should not be dismissed because she did not know that she was supposed to follow the Federal Rules of Civil Procedure. (ECF No. 28).

"[*P]ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). They are "expected to abide by the rules of the court in which the litigation proceeds." *Bailey v. Suey*, No. 2:12-cv-01954-JCM-CWH, 2014 WL 5342573 at *1 (D. Nev. Oct. 20, 2014) (citing *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Plaintiff was given ample opportunity and explicit instructions on how to serve defendant and which rules of procedure she was required to follow. Plaintiff was given multiple chances to properly serve defendant. Indeed, on February 26, 2016, Magistrate Judge Foley once again specifically advised plaintiff that Fed. R. Civ. P. 4(i)(1)-(2) governs the service of process on the United States and its agencies, quoted the entirety of this portion of Fed. R. Civ. P. 4, and provided specific instructions to plaintiff to complete service of process. (ECF No. 21). Nonetheless, plaintiff did not serve the defendant for another two months, nearly seven months after the deadline set by this court. (ECF No. 10).

The record does not support the conclusion that plaintiff has been diligent in her service efforts, and her failure to follow explicit instruction from this court does not demonstrate good cause to extend the service deadline again. *Hooranian v. Anderson*, No. CV 10-6286-VBF (MAN), 2011 WL 717158 at *3 (C.D. Cal. Feb. 4, 2011) ("Given the Court's explicit advice to plaintiff,

James C. Mahan
U.S. District Judge

- 3 -

through the August Order, that service of process 'must comply' with Rule 4's requirements, there is no apparent cause, much less good cause, for plaintiff's failure to satisfy the Rule 4(i) requisites."); *see also Fealy v. Social Sec. Admin.*, No. 2:13-cv-02282-MMD-VCF, 2014 WL 6629546 at *2 (D. Nev. July 25, 2014) (recommending dismissal under Rule 12(b)(5) for failure to follow procedures for service). Consequently, the court dismisses this action without prejudice.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (ECF No. 24) be, and the same hereby is, GRANTED.

The clerk is instructed to close the case.

DATED August 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**