# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSE DUNCAN, | Case No. 2:14-CV-1229 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Duncan v. Donahoe*, case number 2:14-cv-01229-JCM-GWF.

On August 1, 2016, the court granted defendant's motion to dismiss for lack of jurisdiction (ECF No. 24) and entered judgment. (ECF Nos. 32, 33). On August 31, 2016, plaintiff filed the instant motion seeking leave to refile. (ECF No. 35). On that same day, plaintiff filed a notice of appeal. (ECF No. 36).

Once a party files a notice of appeal, the district court is normally divested of jurisdiction over aspects of the case involved in the appeal. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*). Federal Rule of Civil Procedure 62.1, however, provides that if a motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantive issue.

Fed. R. Civ. P. 62.1(a).

**James C. Mahan**
**U.S. District Judge**

1   The court lacks authority to grant the instant motion as an appeal has been docketed and is currently pending. Thus, the court will deny plaintiff's motion without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to refile (ECF No. 35) be, and the same hereby is, DENIED consistent with the foregoing.

DATED November 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -