**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSE DUNCAN, | Case No. 2:14-CV-1229 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MEGAN J. BRENNAN, PMG USPS, | |
| Defendant(s). | |

Presently before the court is the matter of *Duncan v. Donahoe*, case number 2:14-cv-01229-JCM-GWF.

On August 1, 2016, the court granted defendant's motion to dismiss for lack of jurisdiction (ECF No. 24) and entered judgment (ECF No. 33). (ECF No. 33). On August 31, 2016, plaintiff filed a motion to refile civil case (ECF No. 35) and a notice of appeal (ECF No. 36). The Ninth Circuit affirmed this court's judgment. (ECF No. 44).

Plaintiff now requests to "resubmit this case" on an expedited basis "on the grounds that it was dismissed without prejudice (on a service technicality) which should allow it to be reentered." (ECF No. 45 at 1).

The court disagrees. Plaintiff's motion fails to set forth any basis upon which her requested relief may be granted. Plaintiff merely asserts that she should be allowed to resubmit this case because the initial dismissal was due to her misunderstanding of court procedures. (ECF No. 45 at 1). While the court acknowledges that plaintiff is *pro se*, she is nonetheless bound by the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally

in their favor, *pro se* litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[*P*]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Further, plaintiff has failed to attach a memorandum of points and authorities in support of her motion in violation of Local Rule 7-2(d), which provides that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). By failing to attach a memorandum of points and authorities, plaintiff has consented to the denial of her motion.

Furthermore, because plaintiff's complaint was dismissed without prejudice (*see* ECF No. 32), the court finds no reason to reopen the instant action. If plaintiff wishes to refile the complaint, she must do so in a new case accompanied by the filing fee or an application to proceed *in forma pauperis*. Accordingly, the court will deny plaintiff's motion to reopen the case (ECF No. 45). No further motions will be considered in this action.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to reopen the case (ECF No. 45) be, and the same hereby is, DENIED.

DATED July 3, 2017.

_____
UNITED STATES DISTRICT JUDGE